IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20796
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE AUGUSTO RUIZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-93-CR-7-7
- - - - - - - - - -
August 27, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Ruiz appeals his conviction following a guilty plea for conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine and marijuana. Ruiz contends that the district court failed to comply with the requirements of Fed. R. Crim. P. 11(c)(1) in accepting his guilty plea by: (1) failing to admonish him that a fine up to $4,000,000 could be imposed; and (2) failing to inform him that he was subject to an enhanced

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

sentence under 21 U.S.C. § 851. Ruiz contends that the above failures affected his substantial rights and requires the reversal of his guilty plea. We have reviewed the record and the briefs and conclude that any error committed by the district court was harmless because Ruiz was clearly advised of the maximum fine in his plea agreement and because he does not affirmatively allege that the district court's variance from Rule 11(c) requirements affected his decision to plead guilty. See United States v. Johnson, 1 F.3d 298-303 (5th Cir. 1993)(en banc). While the district court misstated Ruiz's minimum penalty by failing to take into account a sentence enhancement, such error was rendered moot by the district court's downward departure and resultant sentence. Therefore, the error was harmless. See Johnson, 1 F.3d at 302-03.

AFFIRMED.